UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KATHLEEN BUNNELL and
DENNIS BUNNELL,                                     :    12 Civ. 6412 (FB) (SMG)
                                                    :
            Plaintiffs,                             :
                                                    :    AFFIDAVIT OF PLAINTIFFS
     -against-                                      :    KATHLEEN BUNNELL AND
                                                    :    DENNIS BUNNELL TO CANCEL
FARZAD HAGHIGHI,                                    :    NOTICE OF PENDENCY
                                                    :
            Defendant.                              :
-------------------------------------------------------X

STATE OF MASSACHUSETTS   )
                         : SS.:
COUNTY OF BARNSTABLE     )

      KATHLEEN BUNNELL AND DENNIS BUNNELL, being duly sworn, depose and state:

      1.      We are the named Plaintiffs in this action and, as husband and wife, are the sole owners of certain real property known as 120 Greenway North, Forest Hills, New York 11375 (the "Premises"). Except as otherwise indicated, we have personal knowledge of the facts set forth herein. We respectfully submit this joint affidavit in support of our motion, brought via order to show cause, for an order, *inter alia*, directing the cancellation of the notice of pendency improperly filed against the Premises by Defendant Farzad Haghighi.

## BACKGROUND OF THIS ACTION

      2.      The instant lawsuit arises out of Defendant Farzad Haghighi's breach/default/repudiation of a contract of sale under which Haghighi was to purchase the Premises from us for $1,250,000 (the "Agreement"). On December 28, 2012, we commenced the instant action for a declaratory judgment that we are entitled to retain the

$125,000 contract deposit submitted in escrow by Defendant Haghighi by reason of his purported cancellation of the Agreement due to his purported inability to procure mortgage financing, given that Defendant Haghighi failed to seek such financing in good faith and was at fault in failing to obtain such financing. Defendant Haghighi's bad faith and fault are confirmed by, *inter alia*, his applying for a mortgage on terms that his proposed financing institution would not grant to anyone (thus ensuring the denial of his application), and his negotiation and entering into a contract to purchase another residence prior to the purported denial of his mortgage application for the Premises. Relevant facts and documentary evidence of Defendant Haghighi's bad faith are set forth in our complaint in this action, a copy of which is annexed hereto as Ex. 1. **Importantly, nothing in Plaintiffs' summons or complaint purported to raise any issue or claim that "would affect the title to, or the possession, use or enjoyment of, real property," as the parties' dispute relates solely to the monetary issue of whether we, as Plaintiffs, or Defendant Haghighi are entitled to retain the $125,000 contract deposit.**

  3. On or about March 27, 2013, Defendant Haghighi served his answer and counterclaim in this action, which is annexed as Ex. 2 hereto. In his counterclaim, Defendant expressly seeks a judgment entitling him to the return of the $125,000 contract deposit. Defendant Haghighi's counterclaim does not seek specific performance of the purchase agreement, nor would he be entitled to specific performance, given his prior purported cancellation of the Agreement and demand for the return of the $125,000 contract deposit, as confirmed by the August 28, 2012 letter of his then counsel, Nina Bompart, Esq. (Ex. 1(D) hereto), and the September 28, 2012 letter of Haghighi's

2

subsequent counsel, Ira Penn, Esq. (Ex. 1(G) hereto). Having purported to cancel the Agreement and demanded the surrender of the $125,000 contract deposit, Defendant Haghighi cannot now reverse course and claim that he is entitled to purchase the Premises via specific performance of the Agreement.

4. Following Defendant's breach/default/repudiation of the Agreement and the commencement of this action, we subsequently entered into negotiations and an agreement to sell the Premises to another buyer.

5. Recently, during the course of the buyer's title search of the Premises, it was discovered that Defendant Haghighi filed a notice of pendency against the Premises with the Queens County Clerk on or about February 28, 2013, prior to Haghighi's service of his answer and counterclaim in this action. A copy of the notice of pendency and supporting papers filed therewith are annexed hereto as Ex. 3. While the notice of pendency bears the caption of a New York State Supreme Court action in Queens County naming Haghighi as the state court plaintiff and the two of us as state court defendants, **no such action was ever actually commenced by Haghighi**. Moreover, no summons or complaint bearing that state court caption was ever served on us and it is our understanding that no such action was ever filed.

6. A review of the notice of pendency reveals that it is premised solely on our commencement of the instant federal court action against Haghighi. However, Defendant Haghighi never filed the notice of pendency with this Court. Moreover, neither of us – as the sole owners of the Premises – were ever served with any summons or notice by Defendant Haghighi or his counsel concerning the filing of any notice of pendency, despite our understanding that we have a statutory and constitutional right to

3

such notice, which is statutorily required to be given within 30 days of the filing of the notice of pendency. Neither of us ever authorized any other person or entity to receive such notice and it is our understanding that our counsel also has never received any notice from Defendant Haghighi or his counsel of the filing of the notice of pendency. It is our understanding that Defendant Haghighi's failure to so serve us mandates the cancellation of the notice of pendency pursuant to the relevant statutes (CPLR 6512 and 6514) and caselaw authority as set forth in the accompanying memorandum of law being submitted to this Court on our behalf.

7. It also is our understanding that because the dispute between us, as Plaintiffs, and Defendant Haghighi revolves solely over the monetary issue of who is entitled to keep the $125,000 contract deposit – as opposed to seeking specific performance of the Agreement – this case is not one that "would affect the title to, or the possession, use or enjoyment of, real property," thus rendering Haghighi's filing of the notice of pendency based on this action as defective under relevant statutory and caselaw authority as also set forth in the accompanying memorandum of law being submitted to this Court on our behalf.

8. At the end of the day, it is obvious that Defendant Haghighi's filing of the notice of pendency was without a legal basis and was done so in bad faith, consistent with Defendant Haghighi's continuing pattern of dilatory and bad faith litigation/discovery conduct intended to increase the cost of this litigation to us to force us to abandon this litigation.

9. We respectfully request that this Court promptly issue an order directing the cancellation of the notice of pendency, as the continuation of the notice of pendency

threatens us with **imminent and irreparable harm**, as our new buyers have made plain that they will not close and will cancel their contract to purchase the Premises if the notice of pendency is not cancelled in the very near future, so that our new buyers can close by September 10, 2013, around the time their mortgage interest rate lock expires, given the rising interest rate environment. We further respectfully request that, given Defendant Haghighi's ongoing bad faith litigation conduct, this Court enjoin Defendant Haghighi, his counsel and his agents from filing any further notice of pendency against the Premises or otherwise interfering with Plaintiff's sale of the Premises to any third parties, and awarding us our attorneys' fees, expenses and costs incurred in connection with this motion given Defendant Haghighi's bad faith and improper filing of the notice of pendency against the Premises.

WHEREFORE, we respectfully request that the Court grant us the foregoing relief in its entirety.

_____
Kathleen Bunnell

Sworn to before me this
___ day of August 2013

_____
Notary Public

_____
Dennis Bunnell

Sworn to before me this
___ day of August 2013

_____
Notary Public

threatens us with **imminent and irreparable harm**, as our new buyers have made plain that they will not close and will cancel their contract to purchase the Premises if the notice of pendency is not cancelled in the very near future, so that our new buyers can close by September 9, 2013, around the time their mortgage interest rate lock expires, given the rising interest rate environment. We further respectfully request that, given Defendant Haghighi's ongoing bad faith litigation conduct, this Court enjoin Defendant Haghighi, his counsel and his agents from filing any further notice of pendency against the Premises or otherwise interfering with Plaintiff's sale of the Premises to any third parties, and awarding us our attorneys' fees, expenses and costs incurred in connection with this motion given Defendant Haghighi's bad faith and improper filing of the notice of pendency against the Premises.

WHEREFORE, we respectfully request that the Court grant us the foregoing relief in its entirety.

_____
Kathleen Bunnell

Sworn to before me this
16 day of August 2013

_____
Notary Public

MICHAEL S. DUNFORD
Notary Public, Commonwealth of Massachusetts
My Commission Expires April 6, 2018

_____
Dennis Bunnell

Sworn to before me this
16 day of August 2013