UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
KATHLEEN BUNNELL and
DENNIS BUNNELL,

              Plaintiffs,

  -against-                     **MEMORANDUM AND ORDER**
                                            Case No. 12-CV-6412 (FB) (SMG)
FARZAD HAGHIGHI,

              Defendant.
---------------------------------------------------x

*Appearances:*

For the Plaintiff:                             *For the Defendant:*
DEAN T. CHO                               DANIEL ALLIANCE, ESQ.
Law Offices of Dean T. Cho, LLC        159-13 Hillside Avenue
233 Broadway, Suite 2200               Jamaica, NY11432
New York, NY 10279

**BLOCK, Senior District Judge:**

       On October 3, 2014, defendant Farzad Haghighi ("Haghighi") filed a Demand for Trial by Jury. *See* Docket Entry No. 68. The Court will construe Haghighi's demand as a motion for leave to file an untimely jury demand pursuant to Rule 39(b) of the Federal Rules of Civil Procedure ("Federal Rules"). For the reasons that follow, the motion is denied.

**I.**

       The procedure for demanding a jury is set forth in Rule 38 of the Federal Rules, which provides in relevant part:

> On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d).

FED. R. CIV. P. 38(b). A party waives its right to a jury trial unless its demand is properly served and filed. FED. R. CIV. P. 38(d).

This lawsuit was initiated on December 28, 2012, when plaintiffs Kathleen and Dennis Bunnell filed their complaint in the Eastern District of New York. On March 27, 2013, Haghighi filed his answer and counterclaim, and on March 29, 2013, the Bunnells filed a reply to the counterclaim. None of these pleadings demanded a trial by jury.

Haghighi has submitted the instant jury demand over eighteen months after the last pleading was filed and served. Accordingly, his demand is clearly untimely under Rule 38(b). Haghighi's claim that he previously requested a jury trial in a letter to the Court on November 27, 2013, is irrelevant. Even assuming this letter satisfied the requirements of Rule 38, it was submitted almost eight months after service of the last pleading and thus was also untimely.

Since Haghighi's current demand is untimely, the Court will construe it as a motion for leave to file an untimely jury demand under Rule 39(b) ("the court may, on motion, order a jury trial on any issue for which a jury might have been

demanded."). While Rule 39(b) does not specify the scope of a district court's discretion to grant late jury demands, the Second Circuit has made clear that, where the action was originally filed in federal court, the moving party must make some showing "beyond mere inadvertence." *Noonan v. Cunard S.S. Co.,* 375 F.2d 69, 70 (2d Cir. 1967). Since Haghighi has made no such showing here, his motion is denied.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 6, 2014